IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| NATIONAL NURSES ORGANIZING COMMITTEE, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Civil Action No. 1:23-cv-321 ) ) |
| MH HOSPITAL MANAGER, LLC, | ) ) ) |
| *Defendant*. | ) ) |

# COMPLAINT

1. Plaintiff National Nurses Organizing Committee brings this action against Defendant MH Hospital Manager, LLC to vacate an arbitration award entered in *National Nurses Organizing Committee v. Mission Hospital, Inc.*, FMCS Case # 230118-02708.

2. This action is brought under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.

## PARTIES AND JURISDICTION

3. Plaintiff National Nurses Organizing Committee ("NNOC" or the "Union") is an unincorporated association and a labor organization within the meaning of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and Section 301 of the LMRA, 29 U.S.C. § 185. NNOC is an affiliate of National Nurses United, AFL-CIO.

4. NNOC represents registered nurses who are employed at Mission Hospital in Asheville, North Carolina. NNOC maintains an office in Asheville.

5.      Defendant MH Hospital Manager, LLC ("Mission Hospital" or the "Hospital") is a corporation organized and existing under the laws of the Delaware, and doing business in North Carolina.  Defendant operates Mission Hospital in Asheville, where it employs registered nurses who are represented by NNOC.

6.      Defendant is an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and Section 301 of the LMRA, 29 U.S.C. § 185.  Defendant is engaged in commerce and its activities affect commerce within the meaning of Sections 2(6) and (7) of the NLRA, 29 U.S.C. §§ 152(6) and (7).

7.      Jurisdiction is conferred on this Court by Section 301 of the LMRA, 29 U.S.C. § 185; Section 4 of the FAA, 9 U.S.C. § 4; and 28 U.S.C. §§ 1331 and 1337.

8.      Venue is proper in this district under 28 U.S.C. § 1391 because the cause of action arose in Buncombe County, North Carolina.

## FACTS

**A.      The Collective Bargaining Agreement and Its Arbitration Provisions.**

9.      NNOC and Mission Hospital entered into a collective bargaining agreement (the "Labor Agreement"), effective from July 2, 2021, to July 2, 2024.  At all relevant times, NNOC and the Hospital were and continue to be parties to the Labor Agreement.  The Labor Agreement is attached as Exhibit A.

10.     Article 40, Section 2 of the Labor Agreement, entitled "Bulletin Boards," specifies that the Hospital will provide the Union with bulletin boards in each break room where the Union can post notices.  The Section specifies, *inter alia*, the process for the Union to inform the Hospital before posting notices and restricts the types of notices that can be posted.  The

2

Case 1:23-cv-00321-MR-WCM    Document 1    Filed 11/03/23    Page 2 of 7

Section also provides a process for the parties to resolve any dispute regarding the appropriateness of a posting.

11. Article 40, Section 3 of the Labor Agreement, entitled "Access for Union Representatives," specifies when and how "Union Representatives"—agents of the Union who are not Hospital employees—may access the Hospital. The Section specifies, *inter alia*, where Union Representatives may go in the Hospital, how the Union provides notice of visits to the Hospital, and how many Union Representatives may be present. The privileges of "Nurse Representatives"—agents of the Union who are nurse-employees of the Hospital—are separately addressed in Section 6 of Article 40.

12. Article 40, Section 4 of the Labor Agreement, entitled "Use of Conference Rooms," specifies when and how the Hospital provides the Union with access to conference and meeting rooms in the Hospital.

13. Article 40, Section 5 of the Labor Agreement, entitled "Resolution of Disputes," specifically addresses disputes concerning the access privileges of Union Representatives. The Section states in part: "If the Hospital believes a Union Representative has violated <u>the access privileges</u> identified in this Article, the Hospital may revoke that Union Representative's access privileges (but not the Union's access privileges) pending resolution of the dispute." (Ex. A at 53 (emphasis added)). The Labor Agreement does not authorize the Hospital to revoke a Union Representative's access privileges based on violations of any of the non-access privileges in Article 40, such as the bulletin board privileges. Section 5 further provides that if the Union seeks to challenge the Hospital's revocation of a representative's access privileges, it may advance the dispute to arbitration on an expedited basis.

14. Article 1 of the Labor Agreement, entitled "Arbitration," provides for the arbitration of grievances and disputes between the Union and the Hospital. The Article specifies, *inter alia*, how an arbitrator is to be selected and how the arbitration is to be conducted. The Article states in part that the arbitrator "shall limit his/her opinion to the interpretation and/or application of the Agreement and shall have no power to add to, subtract from, modify, change amend or delete any of the terms or provisions of the Agreement."

### B. The Dispute About the Posting of Union Flyers.

15. In December 2022, a dispute arose about certain flyers that the Union's Nurse Representatives distributed in the Hospital. The Hospital contended the Union posted the flyers in violation of Article 40, Section 2. At that time there was one Union Representative, Brian Walsh, who had not personally visited or accessed the Hospital to distribute or post the flyers.

16. On December 20, 2022, based on the flyer issue, the Hospital revoked access privileges for all Union Representatives for a period of 30 days. Neil Pettit became a designated Union Representative on January 17, 2023. Pettit had not been involved with the disputed flyers. As a result of the Hospital's access ban, Pettit was prevented from visiting the Hospital on January 18 and 19, 2023.

17. On or about January 18, 2023, pursuant to Article 40, Section 5 of the Labor Agreement, the Union challenged the Hospital's revocation of access privileges by requesting an expedited arbitration.

### C. The Arbitrator's Decision.

18. Edward M. Davidson was selected as the Arbitrator by the parties. An arbitration hearing was held on July 28, 2023, in Asheville. The parties submitted post-hearing briefs on

October 5, 2023. The Arbitration issued his Opinion and Award on October 11, 2023. The Arbitrator's decision is attached as Exhibit B.

19. The issue to be decided by the Arbitrator was: "Did the Employer violate the Collective Bargaining Agreement Article 40, Section 5 by revoking access to the Employer's property for Union Representatives Brian Walsh and Neil Pettit in December 2022 and January 2023 respectively? If so, what should be the remedy?" (Ex. B at 1.)

20. In his decision, the Arbitrator concluded that the Union improperly posted the flyers in violation of Article 40, Section 2 of the Labor Agreement. The Arbitrator did not conclude that any Union representative violated the access provisions contained in Article 40 of the Labor Agreement. The Arbitrator nevertheless concluded that based on the posting violation, the Hospital was permitted to revoke Walsh's access to the Hospital.

21. To support this outcome, the Arbitrator stated that the Labor Agreement permitted the Employer to revoke access "due to the Employer's belief that a Union Representative has violated the provisions of <u>any of the requirements</u> detailed in Sections 1 through 4 of Article 40." (Ex. B. at 7 (emphasis added)). This reasoning ignored the Agreement's clear and unambiguous language, which instead provided that access could be revoked only if the Hospital believed the Union Representative has violated the "access privileges" in Article 40.

22. The Arbitrator concluded that the Hospital was not permitted to revoke Pettit's access because Pettit was not involved in the posting violation. Accordingly, the Arbitrator denied in part and sustained in part the Union's grievance.

## CAUSE OF ACTION
### (Petition to Vacate Arbitration Award)

23. The foregoing allegations are incorporated by reference.

24. This claim is brought under Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Section 10 of the FAA, 9 U.S.C. § 10.

25. The Arbitrator's Opinion and Award should be vacated and set aside because it does not draw its essence from the Labor Agreement, and is contrary to the plain and unambiguous language of the Labor Agreement.

26. Article 40, Section 5 of the Labor Agreement only permits the Hospital to revoke a Union Representative's access if there was a violation of the "access privileges" in Article 40. The plain language of Section 5 limits its applicability to access violations, and does not encompass any other violations. By its explicit terms, Section 5 does not permit the Hospital to revoke access based on a violation of the bulletin board privileges under Article 40, Section 2.

27. In his decision, the Arbitrator only found that the Union committed an improper posting in violation of Article 40, Section 2. The Arbitrator did not find that the Union or its representatives violated any of the access provisions in Article 40.

28. By sustaining the Hospital's revocation of access for representative Walsh based merely on a posting violation, the Arbitrator contravened the plain and unambiguous language of Article 40, Section 5 of the Labor Agreement.

29. Because he ignored the plain and unambiguous language of the Labor Agreement, the Arbitrator exceeded the scope of his authority.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

(1) That the Court declare the Arbitrator's Opinion and Award null and void;

(2) That the Court vacate and set aside the Arbitrator's Opinion and Award; and

(3) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

This the 3rd day of November, 2023.

/s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
nghosh@pathlaw.com
Patterson Harkavy LLP
100 Europa Dr., Ste. 420
Chapel Hill, NC 27517
(919) 942-5200

*Counsel for Plaintiff*